IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**REYES LONNIE MARTINEZ,** *et al.*,<br><br>**Defendants**. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:21-CR-249-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion to Dismiss for Violation of Speedy Trial Act [ECF No. 77]. The United States opposed the motion, and Defendant failed to file a reply in support of his motion. Defendant has not filed a motion for extension of time to file his reply, and the time for filing a reply has passed. Therefore, the court considers the motion fully briefed.

Defendant was arraigned on September 28, 2021. At that time, the court had General Order 21-012 in place allowing only one criminal trial to occur at a time and prioritizing jury trials as they could be scheduled. General Order 21-012 excluded time under the Speedy Trial Act due to the Covid-19 pandemic from August 31, 2021 and October 31, 2021 pursuant to 18 U.S.C. § 3161(h)(7)(A). Nonetheless, Defendant's case was given a trial date of November 22, 2021. On November 8 and 11, one of Defendant's Co-defendants moved for a continuance based on his counsel's health problems. The court continued the trial date to January 24, 2022. Defendant states that he did not consent or join in the motion to continue. However, Defendant also did not object or file a motion to sever. Moreover, on October 27, 2021, due to the ongoing

1

conditions of the Covid-19 pandemic, the court entered General Order 21-015, continuing its limitation on jury trials and excluding time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A).  Therefore, time under the Speedy Trial Act was not running.

At the time the January 24, 2022, trial was scheduled to occur, the court had shut down all trials as a result of the Omicron wave of the Covid-19 pandemic.  On January 5, 2022, the court entered General Order 22-002, vacating all jury trials set to commence prior to February 14, 2022, and excluding time under the Speedy Trial Act from January 1 to February 14, 2022.  As of February 14, 2022, the court lifted the suspension of all trials and returned to allowing only one criminal trial to occur in the building at a time.  In General Order 22-004, the court excluded time under the Speedy Trial Act from February 14, 2022, through March 31, 2022, pursuant to 18 U.S.C. § 3161(h)(7)(A) due to the ongoing conditions of the Covid-19 pandemic.

Critical to the pending motion, General Order 22-004 also specifically ordered that "[a]ny motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge."  As of February 14, 2022, neither of the two remaining defendants in this case filed a motion seeking an exception to the General Order as required by the Order.  In addition, neither defendant asked to be put on the court's consecutive jury trial schedule.  Therefore, no new trial date was scheduled.

On March 31, 2022, the court entered General Order 22-006 lifting the limitations on jury trials but also excluding time under the Speedy Trial Act to June 30, 2022, pursuant to 18 U.S.C. § 3161(h)(7)(A), due to the Covid-19 pandemic.  Also, significantly, General Order 22-006 again ordered that "[a]ny motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge."   Rather than filing a motion for an exception to the General Order, Defendant filed the pending Motion to Dismiss for Violation of Speedy Trial

Act on April 3, 2022. During these time frames, Defendant filed a motion for a furlough and a motion to review detention, but he did not file anything taking exception to the court's General Orders until he filed the Motion to Dismiss.

Defendant argues that the court's General Order's declaring a "judicial emergency" could not exclude time under the Speedy Trial Act because they did not comply with the requirements under 18 U.S.C. § 3174. However, the court's General Orders were not based on judicial emergencies under § 3174 for court congestion. The General Orders specifically stated that they were pursuant to 18 U.S.C. § 3161(h)(7)(A), due to the Covid-19 pandemic. The court's General Orders regularly evaluated the conditions of the pandemic and specifically weighed current health and safety concerns with defendants' interests in a speedy trial. The Orders also specifically explained the court's process for holding trials and allowed Defendant's to raise specific exclusions with the assigned judge. Defendant did not file any motion for exclusion from the General Order with the assigned judge. The pandemic is akin to a natural disaster or public emergency, not a judicial emergency resulting from court congestion. Therefore, the time is excludable under an ends-of-justice continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) and not subject to the requirements of 18 U.S.C. § 3174.

Defendant also argues that the court cannot grant an ends-of-justice continuance in a general order. However, each of the court's General Orders make extensive findings on the current conditions of the local community during the pandemic and weigh the competing interests involved. The court has made these findings regularly as local conditions change and the findings are clear, in writing, and made available to every defendant. Defendant claims that they are not case specific, but the community conditions of the pandemic apply equally and specifically to each of the defendants in this District. Moreover, if Defendant had any case-

specific concerns, the General Orders state that he should have filed a motion for an exception from the General Order with the assigned judge. Defendant did not file anything with the assigned judge before filing the pending motion to dismiss that would provide a case-specific basis for finding an exception to the General Order. He also did not request to be put on the court's list of consecutive trials, which were prioritized by the date/age of the case. All parties and the court are charged with reading and complying with the court's General Orders. The court needed to know that Defendant is intending to go to trial so that his case can be prioritized on the list. However, Defendant did not communicate any intent to go to trial. Defendant filed a motion for review of detention that was heard during this same time frame by the Magistrate Judge. Nothing similar was filed regarding a trial. The court has made every effort to get any criminal trial that wanted to go to trial to trial. The court concludes that the extensive findings regarding the need for an ends-of-justice continuance in this District due to the local conditions of the pandemic provided in the court's General Orders are sufficient to meet the requirements of the Speedy Trial Act and comply with governing case law.

While the court has set actual trial dates during the pandemic and has continued some trial dates based on case-specific reasons, such as the continuance in this case for the co-defendant's counsel's health problems, those case-specific continuances are in addition to the time that the General Orders' have excluded under the Speedy Trial Act. The actual date for trials has been dictated by the procedures set out in the court's General Orders and the applicable court "Phase" at the time.

Based on the above reasoning, Defendant's Motion to Dismiss for Violation of Speedy Trial Act [ECF No. 77] is DENIED. Time under the Speedy Trial Act has been excluded based on the court's applicable General Orders since the time Defendant was arraigned. Therefore,

Defendant's trial can be set any time within seventy days of June 30, 2022, and be in compliance with the Speedy Trial Act.  The court, therefore, sets a three-day jury trial in this matter for August 23, 2022.  The court notes, however, that this trial date is contingent on the local conditions of the pandemic at the time, the court's General Order that may be in effect at the time, and the court's system of prioritizing cases that may be in place at that time.

      DATED this 23rd day of May, 2022.

                      BY THE COURT:

                      _____
                      DALE A. KIMBALL,
                      United States District Judge